ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| **RITA MARCHESE TORRES**<br><br>Peticionaria<br><br><br>**EX PARTE** | TA2026CE00120 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br><br>Civil Núm.:<br>**BY2021CV05361**<br><br>Sobre:<br>Cartas Testamentarias |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de febrero de 2026.

Mediante *Petición de Certiorari* instada el 31 de enero de 2026, comparece ante nos, la señora Rita Marchese Torres (señora Marchese Torres o peticionaria) y nos solicita que revoquemos la *Orden* emitida el 18 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante esta, el TPI expresó a la peticionaria que no certificó haber notificado a los coherederos del causante, José Manuel Ibarra García, la solicitud de orden a la Unidad de Cuentas para cierto desembolso de dinero allí consignado.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

## I.

Según surge del expediente, mediante un dictamen emitido en enero de 2022, el TPI expidió cartas testamentarias a favor de la señora Marchese Torres para que constituyeran prueba suficiente de su autoridad como albacea testamentaria del señor Ibarra García,

quien falleciera el 8 de septiembre de 2021, otorgándole las facultades que se le confiere en el testamento y aquellas que inherentemente corresponden al cargo.

Posteriormente, el 4 de octubre de 2025, la señora Marchese Torres presentó una solicitud urgente de orden a la Unidad de Cuentas del Tribunal, con el objetivo de que se desembolsara un dinero consignado en pago de honorarios de abogados en un caso separado de *injunction* (civil núm. BY2024CV03033) que se instó contra ciertos terceros y algunos herederos del causante. Ello, para recuperar la administración del negocio corporativo La Familia Tire, Inc.

Por lo anterior, solicitó al foro primario que emitiera una orden a la Unidad de Cuentas para que, de los fondos consignados en el caso de epígrafe, se emitiera un cheque a favor del Lcdo. Manuel Fernández Mejías por la cantidad de $4,200.00. Por medio de una *Orden* emitida el 6 de octubre de 2025, el foro de instancia respondió lo siguiente al petitorio de la señora Marchese Torres: "*Certifique haber notificado solicitud a los herederos que componen la Sucesión Ibarra García.*"

En respuesta, el 17 de octubre de 2025, la señora Marchese Torres incoó una moción, en la cual expuso que, desde el inicio del caso de referencia anunció a todos los restantes herederos sobre su nombramiento de albaceazgo, notificando los documentos que se sometieron al iniciar el proceso judicial. Añadió que la evidencia de esta notificación y de la Resolución Enmendada emitida en el caso no se encontraban en su poder porque fueron entregadas al primer abogado contratado, no siendo posible recuperarlos por el momento.

Asimismo, la señora Marchese Torres adujo que:

No obstante, sometemos prueba documental producida por la representación legal de los restantes herederos de la Sucesión Ibarra García en la que se ratifica las gestiones de notificaciones que la Albacea testamentario ha realizado a estas partes desde el inicio

del caso de epígrafe POR LO QUE TIENEN PLENO CONOCIMIENTO DEL MISMO.

[...]

Los restantes herederos por vía de su representación legal radicaron pleito judicial para la revocación del nombramiento de Albacea Testamentario (Civil Núm. BY2024CV01969) donde hacen mención al presente caso de epígrafe por lo que tienen conocimiento del mismo y la OBLIGACIOÓN PROCESAL DE ATENDER LO QUE EN EL SE RADICA VIA SUMAC. No es función del Albacea Testamentario duplicar trabajos de notificaciones a éstos máximo cuando se encuentran legalmente representados.

Todos los escritos presentados por la Albacea Testamentario en el presente caso de epígrafe han sido radicados por el sistema SUMAC por lo que conforme a las disposiciones regulatorias del Tribunal Supremo de Puerto Rico los restantes herederos de la Sucesión Ibarra García han sido DEBIDAMENTE NOTIFICADOS.

[...]

La señora Marchese Torres razonó que resultaba una obstrucción a los trabajos de albaceazgo el que los desembolsos solicitados con carácter de urgencia se detuvieran en espera de reacciones de los restantes herederos debidamente notificados en el caso. A su vez, argumentó que dicha imposición constituía un esfuerzo duplicado e injustificado que impedía la rápida gestión de sus deberes.

El TPI se dio por enterado de lo anterior. La señora Marchese Torres requirió nuevamente el desembolso de fondos concernido. El 18 de diciembre de 2025, el foro de instancia emitió la siguiente *Orden*: "*Evaluado el expediente observamos que no certificó haber notificado la moción de la entrada 93 a los coherederos.*"

En desacuerdo, la señora Marchese Torres solicitó reconsideración y reiteró sus alegaciones previas. El 4 de enero de 2026, el TPI dictó una *Resolución Interlocutoria*, por medio de la cual declaró *No Ha Lugar* la reconsideración solicitada y expresó: "*Véase*

*la determinación de la Resolución del 15 de mayo de 2025 del caso relacionado BY2024CV01960"*[1].

Aun inconforme con la determinación del foro primario, la señora Marchese Torres instó el recurso de *certiorari* bajo nuestra consideración. En este le atribuyó al TPI la comisión del siguiente error:

> ERRÓ EL TRIBUNAL DE INSTANCIA AL DENEGAR LA PETICIÓN DE RETIRO DE FONDOS CUANDO LA PETICIONARIA ES LA ALBACEA EN PLENO DERECHO Y LA ÚNICA PERSONA AUTORIZADA PARA ADMINISTRAR LOS BIENES DEL CAUDAL SEGÚN SU DISCRECIÓN.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019).[2]

---

[1] Pleito sobre remoción de albacea y adjudicación y liquidación de herencia instado por Jonathan Ibarra Campo, Heidie Enid Ibarra Campo, Jonaheid Ibarra Campo (todos como miembros de la Sucesión José Manuel Ibarra García) contra la señora Marchese Torres. En esta *Resolución*, el TPI, ante la petición de remoción de albaceazgo y como media de prudencia, **apercibió a la señora Marchese Torres a que, en lo sucesivo, no se efectuarían retiros a los bienes del caudal sin mantener debidamente informadas a todas las partes sobre las erogaciones que se pretendan, con la debida justificación sobre estas. Esta determinación se realizó con el propósito de proteger el interés de todas las partes involucradas en el caso**. (Énfasis nuestro).

[2] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra*.

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada

para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

### III.

En su escrito, la peticionaria esencialmente argumenta que los demás herederos del causante no son parte, ni partes indispensables en el presente caso; razón por la cual erró el TPI al requerir la notificación de la moción de retiro de fondos a éstos. Añade que solicitó el pago de la factura de servicios legales del abogado que contrató en el caso civil núm. BY2024CV03033; lo que entiende constituye una función razonable y cónsona con el desempeño de su función como albacea. Aduce que procede revocar la determinación recurrida.

Tras un análisis de la totalidad de las circunstancias del caso, colegimos que no concurre ninguno de los criterios que nos mueva a expedir el auto solicitado por la peticionaria. El foro *a quo*, en el ejercicio de la discreción que ostenta en el manejo de los casos, requirió la notificación a todos los herederos del causante de la solicitud de desembolso del dinero concernido, instada por la peticionaria. Nótese, además, que, en el caso sobre remoción de albacea y adjudicación y liquidación (civil núm. BY2024CV01960), el TPI apercibió a la peticionaria que no se efectuarían retiros a los bienes del caudal sin mantener debidamente informadas a todas las partes. Por ende, el dictamen recurrido resulta prudente y no presenta indicios de prejuicio, parcialidad o error craso o manifiesto.

Tampoco encontramos que concurra criterio o situación alguna que nos mueva a intervenir con la determinación del TPI para evitar un fracaso de la justicia. Por tanto, lo razonable es abstenernos de ejercer nuestra función revisora.

Advertimos que la denegatoria de un recurso de *certiorari* no prejuzga los méritos del asunto planteado, y, por tanto, este puede ser reproducido nuevamente mediante el correspondiente recurso de apelación. *García v. Padró,* supra, citando a *Núñez Borges v. Pauneto Rivera,* 130 DPR 749(1992).

**IV.**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari.* Se devuelve el caso al TPI para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones